# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY BERNARD CORLEY,** | : | **No. 3:08cr422** |
| **Petitioner** | : | **No. 3:12cv2213** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Petitioner Troy Bernard Corley's motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255 as well as a motion for an evidentiary hearing. (Docs. 121, 124 in 3:08cr422).[1] After careful consideration, the court finds that Petitioner Troy Bernard Corley is not entitled to relief, and both motions will be denied.

## BACKGROUND

Petitioner Troy Bernard Corley (hereinafter "petitioner") was indicted on three criminal counts by a grand jury in the United States District Court for the Middle District of Pennsylvania on November 18, 2008. (Doc. 4, Indictment). Count I accuses petitioner of engaging in a conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count II charges petitioner with distributing crack in violation

---

[1] Unless the court indicates otherwise, all citations to the record will be to those documents filed under criminal docket number 3:08cr422.

of 21 U.S.C. § 841(a)(1).  Count III alleges that petitioner possessed with the intent to distribute more than five grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[2]

### Investigation Leading to the May 18, 2008 Indictment

The facts that led to petitioner's indictment were uncovered by state and federal law enforcement agents during an investigation of drug trafficking activities in Wyoming County, Pennsylvania.  During the course of this investigation, a cooperating witness (hereinafter "CW") furnished information regarding prior purchases of crack cocaine from petitioner. (Doc. 2, Aff. of FBI Agent Whitehead ¶ 8).  On July 2, 2008, CW arranged to meet with petitioner, and, with law enforcement supervision, CW participated in a controlled purchase of crack cocaine from petitioner.  (Id. ¶¶ 8-9).  Investigators provided CW with $300 in pre-recorded currency and documented that CW used this to purchase 2.9 grams of a substance later confirmed to be crack cocaine.  (Id. ¶ 9).

---

[2] The November 18, 2008 indictment also names Howard Harvey as petitioner's co-defendant and charges him with one count of managing or controlling a building for the purpose of storing, distributing or using cocaine base ("crack") in violation of 21 U.S.C. § 856(a)(2).  Harvey pled guilty to this offense on May 4, 2009, and this court sentenced him on August 11, 2009 to eighteen months imprisonment, two years of supervised release, and the court imposed a $1,500 fine.  (See Docs. 39, 88).  Harvey did not appeal his conviction or sentence.

Investigators were aware of outstanding warrants issued with respect to petitioner, and, after the controlled purchase, law enforcement entered Brian McMicken's apartment in Tunkhannock, Pennsylvania, where CW indicated petitioner would be located, and arrested petitioner. (Id. ¶ 10). Petitioner was arrested with the $300 in pre-recorded currency in his possession. (Id.) At the time of the arrest, investigators also found 4.4 grams of crack cocaine in the room where petitioner was arrested. (Id. ¶ 11). McMicken told investigators that this bag of crack cocaine belonged to petitioner. (Id.)

### Pre-Trial Proceedings and Jury Trial

On March 4, 2009, petitioner was arraigned and pled not guilty to the charges contained in the indictment. (Doc. 31, Not Guilty Plea). Also at the arraignment, the court appointed Attorney Thomas J. Nolan as petitioner's counsel and scheduled petitioner's trial for March 4, 2009. (Doc. 29, Order dated Mar. 4, 2009).

In anticipation of a pre-trial conference scheduled for June 23, 2009, Attorney Nolan filed a pre-trial memorandum in which he memorialized his request that the government refrain from alluding to petitioner's pending Luzerne County criminal case. (Doc. 57, Def.'s Pretrial Mem.). Attorney Nolan also requested that the government provide him with the physical

evidence it planned to present at trial as well as the names, criminal records and scope of testimony of the witnesses the government intended to call. (Id.)  Immediately following the June 23, 2009 pre-trial conference, the court issued a rescheduling order moving the start of the trial from Monday July 13, 2009 to Friday July 10, 2009.  (Doc. 61, Order dated June 23, 2009).  Prior to the start of the trial, Attorney Nolan submitted requested jury instructions and voir dire questions on behalf of petitioner. (Doc. 63, Def.'s Req. Jury Instructions; Doc. 64, Req. Questions for Voir Dire Examination).

After a three-day trial, the jury returned guilty verdicts on counts I, II and III of the indictment.  (Doc. 70, Jury Verdict).  With respect to count I of the indictment, the jury unanimously found beyond a reasonable doubt that the quantity of crack cocaine petitioner conspired to distribute or possess with the intent to distribute was at least 50 grams.  (Id.)

### Post-Trial Request for a New Attorney and Sentencing

On September 8, 2009, the court received a letter dated August 20, 2009 in which petitioner requested a new, court-appointed attorney.  (Doc. 90, Letter dated Aug. 20, 2009).  In this letter, petitioner expressed his dissatisfaction with Attorney Nolan, especially with regard to Attorney Nolan's pre-trial practice.  (Id.)  Petitioner's letter concluded with a request

4

to replace Attorney Nolan and for a new trial, to which petitioner claimed he was entitled because there "is to [sic] much corruption going on around hear [sic] and to [sic] much racial discrimination as well and I need a fair trial." (Id.)  The court held a hearing on September 14, 2009, at which time the court deemed petitioner's reasons for new counsel to be insufficient and denied petitioner's request.

On November 23, 2009, the court held a sentencing hearing.  (Doc. 128, Tr. of Sentencing Hr'g).  At the hearing, Attorney Nolan presented three objections to the pre-sentence report.  First, Attorney Nolan objected to an offense level enhancement on the basis that the petitioner did not possess with the intent to distribute at least one kilogram of crack cocaine. (Id. at 18).  The court overruled this objection and found that an offense level enhancement was warranted because the trial witnesses were able to establish by a preponderance of the evidence that petitioner possessed with the intent to distribute at least one kilogram of crack cocaine.  (Id.) Second, Attorney Nolan objected to the imposition of a dangerous weapon sentencing enhancement.  (Id. at 19-20).  The court similarly overruled Attorney Nolan's second objection and found that a sentencing enhancement was warranted because the witnesses established by a preponderance of the evidence that petitioner possessed dangerous

weapons in connection with his drug trafficking activity.  (Id.)  Third,

Attorney Nolan objected to sentencing enhancement for any leadership

role petitioner held in the drug conspiracy.  (Id. at 21).  The court sustained

Attorney Nolan's third objection that the government failed to establish that

petitioner held a leadership role in the drug conspiracy for which he was

convicted.  (Id.)  As such, the petitioner's offense level was lowered to 36.

(Id.)  The applicable guidelines range for this offense level was 188 to 235

months.  (Id.)  The court sentenced petitioner to a 188-month term of

imprisonment, five years of supervised release and the court imposed a

fine of $600.  (Doc. 102, Judgment).

### Direct Appeal to the Third Circuit Court of Appeals

Petitioner filed notice of appeal on December 1, 2009.  (Doc. 103,

Notice of Appeal).  On appeal, Attorney Nolan filed a brief pursuant to

Anders v. California, 386 U.S. 738 (1967), in which he argued that he was

unable to identify any non-frivolous grounds for review.  United States v.

Corley, 455 F. App'x 178, 179 (3d Cir. 2011).  Petitioner exercised his right

to file a pro se brief and raised two issues for direct appeal: (1) whether the

court violated his rights when it did not submit the exact drug quantities to

the jury but rather determined the issue at sentencing by a preponderance

of the evidence standard; and (2) whether the court used its

preponderance of the evidence finding regarding the increased drug quantity to elevate petitioner's guidelines range and sentence beyond the statutory maximum.  Id.

On December 27, 2011, the Third Circuit granted Attorney Nolan's motion to withdraw and denied petitioner's appeal.  Id. at 180-81.  The circuit court explained that petitioner's claims lacked merit and failed to amount to a violation of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000) because the trial court's drug quantity determination did not enhance the statutory maximum.  Id.

### Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)

On February 1, 2012, Petitioner filed a motion to reduce his sentence under the Fair Sentencing Act amendments, 18 U.S.C. § 3582(c)(2).  (Doc. 112, Mot. to Reduce Sentence).  The government opposed petitioner's motion on the grounds that petitioner's guidelines range do not change under the Fair Sentencing Act amendments.  (Doc. 115, Br. in Opp'n).  The court denied petitioner's motion on September 6, 2012.  (Doc. 117, Order dated Sept. 6, 2012).  Petitioner has appealed the court's decision denying his motion for a reduction of his sentence, and the Third Circuit Court of Appeals has yet to render a decision.  (Doc. 118, Notice of Appeal).

**Motion to Vacate, Set Aside or Correct Sentence**

Petitioner filed the instant motion to vacate, set aside or correct his sentence pursuant to § 2255 on November 5, 2012. (Doc. 124, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody). Also on November 5, 2012, petitioner filed a motion for an evidentiary hearing in which he requests the opportunity to develope the facts surrounding his claims. (Doc. 121, Mot. for Evidentiary Hr'g).

On January 22, 2013, the government filed a brief in opposition to petitioner's § 2255 motion. (Doc. 134, Br. in Opp'n). Petitioner filed an amendment to his § 2255 motion on January 29, 2013, (Doc. 135, Am. to Habeas Corpus Pet.), and on February 20, 2013, petitioner filed a reply brief in further support of his § 2255 motion, (Doc. 136, Reply to Gov't Resp. (hereinafter "Reply Br.")). On April 9, 2013, the court granted petitioner's request for the transcripts of the opening statements and closing argument of his trial, the court sent petitioner these transcripts, and petitioner was granted fourteen days in which to file supplemental briefs. (Doc. 139, Order dated Apr. 9, 2013). No such brief was filed, and the time for doing so has expired.

**LEGAL STANDARD**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final,[3] move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In a Section 2255 motion, a federal prisoner may attack his sentence on any of the following grounds: "[1] that the judgment was rendered without jurisdiction, or [2] that the sentence imposed was not authorized by law or otherwise open to collateral attack, or [3] that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b).

Section 2255, however, does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, Section 2255 permits habeas relief for an error of law or fact constituting a "fundamental defect which

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for Section 2255 motions. 28 U.S.C. § 2255(f). That period generally runs from "the date on which the judgment of conviction becomes final." Id. A petitioner's judgment becomes final when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

inherently results in a complete miscarriage of justice." <u>United States v.</u>

<u>Eakman</u>, 378 F.3d 294, 298 (3d Cir. 2004) (citing <u>United States v.</u>

<u>Addonizio</u>, 442 U.S. 178, 185 (1979)). If the court determines that the

sentence was not authorized by law, was unconstitutional, or otherwise

open to collateral attack, the court must either vacate the judgment,

resentence the prisoner, or grant the prisoner a new trial as appropriate.

<u>See</u> 28 U.S.C. § 2255(b). Conversely, a court may dismiss a Section 2255

motion where the record shows conclusively that the movant is not entitled

to relief. <u>United States v. Nahodil</u>, 36 F.3d 323, 326 (3d Cir. 1994).

A prisoner's pro se pleading is construed liberally. <u>See</u> <u>Erickson v.</u>

<u>Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam); <u>Huertas v. Galaxy Asset</u>

<u>Mgmt.</u>, 641 F.3d 28, 32 (3d Cir. 2011). A petitioner is entitled to an

evidentiary hearing as to the merits of his claim unless it is clear that he is

not entitled to relief.[4]

---

[4] Section 2255 specifically provides as follows:

Unless the motion and the files and records of the case
conclusively show that the prisoner is entitled to no relief, the
court shall cause notice thereof to be served upon the United
States attorney, grant a prompt hearing thereon, determine the
issues and make findings of fact and conclusions of law with
respect thereto.

28 U.S.C. § 2255(b).

**DISCUSSION**

In the instant § 2255 motion, petitioner collaterally attacks his July 14, 2009 verdict as well as the sentence imposed on November 23, 2009. Petitioner premises his § 2255 motion on the following grounds: (1) ineffective assistance of counsel; (2) selective prosecution; (3) abuse of discretion by the trial court; (4) the jury should have been instructed to make an individualized drug quantity finding; and (5) sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[5] The parties have briefed the issues and this matter is ripe for disposition.

**A. Ineffective Assistance of Counsel**

First, petitioner asserts that his Sixth Amendment rights were violated because of the ineffective assistance provided by Attorney Thomas J. Nolan, petitioner's trial counsel. The Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when

---

[5] Petitioner's arguments with respect to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) are found in his § 2255 amendment. (See Doc. 135, Am. to Habeas Corpus Pet.). Although the government has not responded to this argument, the court will consider it, as well as other arguments raised in petitioner's briefs, in the interest of completeness.

"counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

To prove that his counsel was deficient at trial or sentencing, a defendant must convince a court of two factors. "First, the defendant must show that counsel's performance was deficient." Id. at 687. Satisfying the first factor requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In other words, "the party claiming ineffective assistance 'must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 422 U.S. at 694). "'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings . . . not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693).

Relief is only available to defendants who make adequate showings with respect to both factors of the Strickland test. See Strickland, 466 U.S. at 686. Accordingly, "'to merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the Strickland test, deficient counsel and prejudice to the defense.'" Campbell, 515 F.3d at 183 (quoting Wells v. Petsock, 941 F.2d 253, 559-60 (3d Cir. 1991)).

Here, petitioner presents six arguments to support his contention that Attorney Nolan's performance fell below the minimum standards articulated in Strickland. Petitioner argues that Attorney Nolan provided ineffective assistance by failing to (1) file a suppression motion; (2) provide petitioner with notice of the trial date; (3) raise the defense of selective prosecution;

13

(4) challenge the admission of hearsay statements pursuant to the coconspirator's exception; (5) file a motion to acquit; and (6) object to the composition of the jury pool. The court will assess petitioner's arguments *in seriatim*.

### 1. Failure to File a Suppression Motion

Petitioner first argues that Attorney Nolan provided constitutionally defective representation because he "failed to file a suppression motion to suppress" evidence on the basis that it "was tampered with by the confidential informant." (Doc. 122, Mem. of Law in Supp. of 28 U.S.C. § 2255 (hereinafter "Pet'r Br.") at 15). Petitioner supports this argument by attacking the credibility of the evidence presented at trial. For example, petitioner points to conflicting testimony regarding the price of cocaine, he hypothesizes that the confidential informant may not have been properly searched and he disputes that the crack cocaine found in the apartment actually belonged to him.

The court will deny petitioner relief with respect to his suppression argument. Attorney Nolan's decision to abstain from filing a suppression motion did not amount to a denial of petitioner's constitutional rights because such a motion would have been futile. The record does not reasonably support the proposition that petitioner's reasonable expectation

of privacy was violated by his search and arrest. Petitioner was a visitor in Brian McMicken's apartment at the time of the search, and McMicken gave the police permission to conduct a search. Moreover, the police had a warrant for petitioner's arrest. In fact, petitioner does not even assert that the police violated his reasonable expectation of privacy. Rather, petitioner's contentions focus on the persuasiveness and credibility of the evidence presented by the government–a factor for the jury to decide and not a basis for suppression.

It is well settled that a claim of ineffective assistance of counsel cannot be based on counsel's failure to raise meritless or frivolous issues. <u>See</u> <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999). Attorney Nolan's failure to file a motion to suppress cannot be said to be objectively deficient because such a motion would have been frivolous. Moreover, Attorney Nolan's decision not to file frivolous motions cannot be said to have prejudiced petitioner because filing such a motion would have had no effect on the disposition of his case. Thus, petitioner cannot establish either factor of the <u>Strickland</u> test.

### 2. Notice of the Change in the Trial Start Date

As the court explained above, petitioner's trial was originally scheduled to start on Monday July 13, 2009. Immediately following the

June 23, 2009 conference, the court rescheduled petitioner's trial for Friday July 10, 2009.  The trial lasted for three days and concluded on Tuesday July 14.  Now, in the instant § 2255 motion, petitioner contends that Attorney Nolan provided ineffective assistance by neglecting to inform him of the change in the start of the trial.  Petitioner specifically contends that he was not able to adequately prepare his defense and that his witnesses were not notified of this change.  Although he is not precise in describing the anticipated testimony of these witnesses, petitioner maintains that they would have "provid[ed] valuable information for his defense."[6]  (Pet'r Br. at 19).

Petitioner is not entitled to relief pursuant to <u>Strickland</u> with respect to

---

[6] In his brief in support, petitioner states as follows with respect to the proposed testimony of the witnesses he sought to call:

> [T]he witnesses would have shown that the time frame that the Government witnesses alleged that the movant was in Tunkhannock Township is incorrect and that the amount of times the witnesses alleged that trips were made back and forth to Philadelphia was false.  And that the movant never lived with any of the Government witnesses.  The witnesses for the movant would have shown that the movant worked for Jim Nally and that the movant did not go to Tunkhannock Township to sell drugs.

(Pet'r Br. at 19).  Moreover, in his reply brief, petitioner elaborates that these witnesses would have testified as to "dates such as birthdays, holidays and other events which the movant attended showing that he was not in Tunkhannock Township at the time."  (Reply Br. at 5).

16

this argument because petitioner has failed to show that he was prejudiced by Attorney Nolan's failure to provide him or his witnesses with notice of the changed trial start date. With respect to Attorney Nolan's alleged failure to inform petitioner of the change in the trial start date, the court finds no credible allegations that this omission negatively affected petitioner's case. The trial began on Friday July 10 and did not conclude until after the original start date of Monday July 13. Although going to trial one day earlier than he expected may have inconvenienced petitioner, this inconvenience cannot be reasonably said to have undermined the reliability of the result of petitioner's trial.[7]

Furthermore, petitioner has also failed to show that Attorney Nolan's failure to call some of petitioner's friends and family members as witnesses prejudiced his defense. When a petitioner claims his trial counsel was ineffective for failing to call a witness, "he must make a specific, affirmative showing as to what the missing evidence would have been, and prove that

---

[7] In addition to reiterating his contentions with respect to Attorney Nolan's failure to notify him of the change in trial date, petitioner states his displeasure that Attorney Nolan did not consult with him regarding the facts of the case as much as petitioner would have preferred. (See Reply Br. at 20-21). Additional consultations and investigations on Attorney Nolan's part would not have impacted the outcome of petitioner's trial. Thus, this error does not cause petitioner the level of prejudice sufficient to satisfy the second prong of the Strickland test.

17

this witness's testimony would have produced a different result." <u>Patel v. United States</u>, 19 F.3d 1231, 1237 (7th Cir. 1994) (internal citation omitted).  In other words, the prejudice prong of the <u>Strickland</u> test is not satisfied unless the petitioner makes (1) a specific, affirmative showing of the missing evidence and (2) that this evidence would have produced a different result.  <u>See</u> <u>United States v. Throckmorton</u>, Nos. 02:05-cr-0219, 02:09-cv-0529, 2009 WL 3465111, at *6 (W.D. Pa. Oct. 22, 2009) (citing <u>United States v. Edwards</u>, No. Crim. 96-592, 2000 WL 572704, at *5 (E.D. Pa. May 8, 2000)).

To the extend that petitioner specified what these witnesses would have testified to, it appears that they might have established that, on some isolated occasions, petitioner was not selling drugs in Tunkhannock Township.  This purported testimony would have been incapable of overcoming the substantial evidence presented at trial showing that petitioner frequented parts of Wyoming County over a period of years to sell drugs.  The court finds that any strategic decision by Attorney Nolan to not call specific witnesses was not prejudicial to petitioner's case.[8]  Thus,

----

[8] Courts view post-conviction claims of uncalled witnesses with skepticism.  <u>See</u> <u>Throckmorton</u>, 2009 WL 3465111, at *6.  "Under the United States Constitution, trial counsel need not call every witness suggested to him."  <u>United States v. Griffin</u>, Crim. No. 91-612, 1993 WL 34927, at *5 (E.D. Pa. Feb. 9, 1993) (citing <u>United States v. Balzano</u>, 916

this argument, if allowed to proceed, cannot satisfy the second <u>Strickland</u> factor as plaintiff cannot establish that this alleged error affected the outcome of the trial.

### 3. Failure to Raise the Defense of Selective Prosecution

Petitioner also argues that Attorney Nolan provided constitutionally defective representation "because he failed to argue that movant was being selectively prosecuted because of his race." (Pet'r Br. at 20). The United States Supreme Court has recognized that a selective prosecution claim asks a court to exercise judicial power over a "special province" of the Executive–the broad discretion given to the prosecution in enforcing criminal law. <u>United States v. Armstrong</u>, 517 U.S. 456, 464 (1996) (citing <u>Heckler v. Chaney</u>, 470 U.S. 821, 832 (1985); <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985)). Ordinarily, "'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.'" <u>Id.</u> (quoting <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364

_____

F.2d 1273, 1294 (7th Cir. 1990). Indeed, "[c]ounsel's failure to call a witness 'is precisely the sort of strategic trial decision that <u>Strickland</u> protects from second-guessing.'" <u>Henderson v. DiGuglielmo</u>, 138 F. App'x 463, 469 (3d Cir. 2005) (quoting <u>Sanders v. Trickey</u>, 875 F.2d 205, 212 (8th Cir. 1989)).

(1978)). The prosecutor's discretion, however, is constrained by the United States Constitution.  For instance, the Due Process Clause of the Fifth Amendment prohibits "an unjustifiable [prosecution] standard such as race, religion, or other arbitrary classification." Id. (quotation marks and citation omitted).

A defendant establishes a claim of selective prosecution when he demonstrates the following two elements: first, the defendant "must provide evidence that persons similarly situated have not been prosecuted," and second, the defendant "must show that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989) (citation omitted).  Merely alleging selective prosecution is insufficient to obtain relief, and the defendant bears the burden to demonstrate credible supporting evidence that he was the victim of selective prosecution.  Id. at 69.

In this case, petitioner fails in his argument that Attorney Nolan provided constitutionally ineffective representation for not raising the issue of selective prosecution.   A motion to dismiss on the basis of selective prosecution would have been meritless because neither the record nor the

evidence presented in petitioner's § 2255 motion support the contention that the government selectively prosecuted petitioner. For instance, Howard Harvey, a Caucasian male similarly situated to petitioner, was indicted in federal court with petitioner. Moreover, evidence presented at trial established that petitioner carried a gun and held a much larger role in the drug trafficking conspiracy than the witnesses who testified against him; thus, the record reflects that the decision to prosecute was not based on an unjustifiable standard.

Given these facts, the court finds the selective prosecution argument meritless, and "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." Sanders, 165 F.3d at 253. Thus, the court will deny petitioner's motion on this point.

### 4. Failure to Object to Hearsay Statements

Petitioner next argues that Attorney Nolan provided constitutionally ineffective assistance by failing to object to improperly admitted hearsay statements by petitioner's coconspirators.[9] Petitioner does not identify any hearsay statement to which Attorney Nolan failed to object. Rather,

---

[9] The Federal Rules of Evidence provide that a statement is, by definition, not hearsay if it "is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E).

21

petitioner appears to argue that his coconspirators' testimony was unreliable, and, as a result, the government was unable to establish beyond a reasonable doubt that petitioner was involved in a drug conspiracy.

Here, petitioner has failed to establish how Attorney Nolan failure to object to hearsay statements could satisfy the two-pronged <u>Strickland</u> test. Petitioner fails to point to a single hearsay statement improperly admitted, and petitioner fails to explain how these hearsay statements prejudiced his defense.  Thus, the court will deny petitioner relief on this point.[10]

### 5.  Failure to File a Motion to Acquit

Petitioner next argues that Attorney Nolan provided ineffective assistance because he failed to file a motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.[11]  Petitioner asserts that he

---

[10] The court is equally unswayed by petitioner's argument that he contends that the testimony presented at trial was not credible.  Matters of credibility are for the jury to decide, and the jury may credit all, none, or any part of the evidence properly before it.  <u>See</u> <u>United States v. Boone</u>, 279 F.3d 163, 189 (3d Cir. 2002) ("[A] witness' testimony is not insufficient to establish a point simply because he or she later contradicts or alters it.").  The mere fact that a witness testified that he can remember some things but not others, in and of itself, does not present a basis for a claim of ineffective assistance of counsel.

[11] When considering a Rule 29 motion for judgment of acquittal, the district court is obligated to "'review the record in the light more favorable to

would have prevailed if Attorney Nolan filed a motion to acquit on the basis that he was targeted by his race and that the only evidence against him was the testimony of uncharged coconspirators. Petitioner also alleges that a Rule 29 motion to acquit would have been further bolstered by his coconspirators' lack of credibility.

Petitioner's argument that Attorney Nolan provided ineffective assistance by failing to file a Rule 29 motion for acquittal is without merit. There is no reasonable indication that such a motion would have succeeded, therefore, petitioner cannot satisfy the second prong of the Strickland test. In presenting this argument, petitioner vastly understates the evidence presented against him at trial. For instance, petitioner focuses on the eyewitness testimony of his uncharged confederates while ignoring the testimony from law enforcement officials, lab technicians and those coconspirators who were criminally charged. This evidence was more than enough to sustain a conviction as it is well established that the uncorroborated testimony of accomplices is sufficient evidence on which to base a conviction. See United States v. Perez, 280 F.3d 318, 344 (3d Cir. 2002).

_____

the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence.'" United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006) (quoting United States v. Smith, 294 F.3d 473, 476 (3d Cir. 2002)).

Additionally, as the court explained above, the record does not support petitioner's contention that there was a racial motive to his prosecution.  Moreover, a debatable question of witness credibility, in and of itself, does not present grounds for a Rule 29 acquittal, and such questions are best left to the jury to decide.  <u>See</u> <u>United States v. David</u>, 222 F. App'x 210, 214 (3d Cir. 2007) (citing <u>Boone</u>, 279 F.3d at 189). Thus, if this claim were allowed to proceed to an evidentiary hearing, petitioner could not establish that both prongs of the <u>Strickland</u> test would be satisfied.

### 6. Failure to Object to the Composition of the Jury

Petitioner contends that Attorney Nolan provided ineffective assistance because he "fail[ed] to object to the all-white jury."  (Reply Br. at 16).  Specifically, petitioner argues that "he believes foul play was initiated by the prosecution where only white people [were] called upon to [serve] as jurors.  Thus, movant is requesting the appointment of counsel in his case, discovery on the issue and an evidentiary hearing."  (Pet'r Br. at 18). Petitioner, however, does not allege that the government used peremptory strikes during the jury selection to improperly exclude African Americans; thus, this argument for ineffective assistance of counsel does not fall under

24

the Supreme Court's decision in <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).[12]

Rather, petitioner appears to insinuate that the government somehow influenced those summoned to serve as jurors.  Nothing in the record indicates that the government influenced the pool of prospective jurors. This court strictly adheres to the Juror Selection Plan for the Middle District of Pennsylvania, which prohibits the exclusion of any citizen from serving on a jury on the basis of race.  <u>See</u> Juror Selection Plan, United States District Court for the Middle District of Pennsylvania, http://www.pamd.uscourts.gov/?q=content/89-69 (Revised Aug. 5, 1999). In the absence of any credible allegations that this plan was not followed, the court will reject petitioner's contention that Attorney Nolan was ineffective for failing to object to the jury pool.  Such an objection would have been without merit, and the court will deny petitioner's request for new counsel and an evidentiary hearing.

### B. Selective Prosecution

Petitioner also contends that § 2255 relief is warranted because he

---

[12]  It is well established that, "[t]o establish a <u>Batson</u> claim during the jury selection process, Petitioner must make a *prima facie* showing that a peremptory challenge was exercised by the Government on the basis of a <u>Batson</u>-proscribed category such as race."  <u>United States v. Coleman</u>, Crim. No. 05-295-2, Civ. No. 10-2013, 2012 WL 1231800, at *7 (E.D. Pa. Apr. 12, 2012).  Here, petitioner does not identify any of the government's peremptory challenges that he wishes to challenge.

was the victim of selective prosecution.  Specifically, petitioner asserts that the thirteen witnesses who testified against him at trial "admitted to committing overt acts in the alleged conspiracy that violated State and federal statutes.  But for some reason, the only individual charged with a federal offense, is the only African American among the individuals."  (Pet'r Br. at 5).  Petitioner repeatedly exclaims that he, like the witnesses who testified against him, was a drug addict.  Petitioner also maintains that Caucasian members of the conspiracy were indicted in state court and not in federal court because federal criminal sentences were harsher than those of Pennsylvania state courts with respect to drug offenses.

Under the Federal Rules of Criminal Procedure, defendants must raise arguments that relate to defects in the institution of an action, such as a claim for selective prosecution, prior to trial.  See United States v. Brookings, 413 F. App'x 509, 514 (3d Cir. 2011) (citing FED. R. CRIM. P. 12(b)).  Except in exceptional circumstances, selective prosecution arguments are waived by criminal defendants unless they are raised before the trial.  See United States v. Gray, 74 F.3d 304, 313 (1st Cir. 1996) (citing Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984), cert. denied, 469 U.S. 1109 (1985)).

Here, petitioner's case is not exceptional, and the issue of selective

prosecution was not raised before trial; thus, petitioner has waived the defense of selective prosecution. Even if petitioner was not procedurally barred from raising the defense of selective prosecution, the court notes that the record does not support such a claim. As is noted above, petitioner can neither demonstrate that he was treated differently from other similarly situated defendants nor can petitioner establish that the government acted with an improper motive. Accordingly, the court will deny petitioner's motion with respect to his selective prosecution claim.[13]

## C. Abuse of Discretion by the Trial Court

Petitioner argues that at least two of the court's rulings in this matter provide a basis for according relief pursuant to § 2255. First, petitioner generally disputes evidentiary rulings from the trial.[14] Second, petitioner challenges the court's denial of his pretrial request for a new court-appointed attorney. Neither of these arguments warrant relief under §

---

[13] In an apparent attempt to bolster his argument, petitioner exclaims that he was the victim of general, systemic discrimination and that "at virtually every stage of pretrial negotiations, whites are more successful than nonwhites." (Pet'r Br. at 28). Conclusory statements such as these fail to support a claim for collateral relief because they do not illustrate the motives of the officials at issue in any one particular case.

[14] In his reply to the government's brief in opposition, petitioner states that "[t]he testimony of witnesses that alleged that movant committed rape and other offenses were admitted as evidence even though he was exonerated of these charges." (Reply Br. at 7).

2255.

It is well established that collateral review of nonconstitutional, nonjurisdictional errors are very limited–direct appeal is the appropriate avenue for correcting such errors.  See United States v. Frady, 456 U.S. 152, 165 (1982); Marshall v. Hendricks, 307 F.3d 36, 81-82 (3d Cir. 2002). The rulings challenged by petitioner in this collateral action do not involve petitioner's constitutional rights.  With regard to petitioner's vague allegations that the court erred by admitting nonspecific witness testimony, the court finds this was an alleged error that should have been raised on direct appeal.  Arguments challenging the improperly admitted evidence are typically neither jurisdictional nor constitutional.

With regard to the court's denial of his pretrial request for a new court-appointed attorney, the court heard petitioner's argument for new court-appointed counsel on the day trial was scheduled to begin.  The court also granted petitioner a hearing on his post-trial, pro se motion for a new attorney.  After carefully considering petitioner's reasons for requesting new counsel, the court found them to be insufficient.  As the court explains at length above, nothing in the record supports petitioner's contention that Attorney Nolan was constitutionally ineffective either before, during or after the trial.

Moreover, petitioner does not claim that the court denied his request to proceed pro se. Rather, petitioner expresses his ignorance of the fact that he could have represented himself pro se, and he maintains that he would have done so had he been informed of this right by the court. The court, however, is under no obligation to advise petitioner that he could represent himself pro se. United States ex. rel. Soto v. United States, 504 F.2d 1339, 1344 n.16 (3d Cir. 1974) (holding that a district court has no duty to advise a defendant of his right to proceed pro se because "the value promoted by pro se representation is primarily one of free choice, rather than the conduct of a trial fair to the defendant."), overruled on other grounds by Faretta v. California, 422 U.S. 806 (1975). Accordingly, the court will deny petitioner's motion with respect to his contentions concerning previous trial court rulings.

### D. Jury Instruction to Find Individualized Drug Quantity

The next issues raised by petitioner have already been decided by the Third Circuit Court of Appeals. To the extent that petitioner requests that the court revisit issues decided by the Third Circuit, the § 2255 petition must be denied. It is well established that a "district court must 'implement both the letter and spirit of the mandate' it receives from [the Circuit] Court, but district courts are also free to 'consider, as a matter of first impression,

those issues not expressly or implicitly disposed of by the appellate decision.'" Eichorn v. AT&T Corp., 484 F.3d 644, 657 (3d Cir. 2007) (quoting Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949-50 (3d Cir. 1985)).

Rulings of the Court of Appeals binds the District Court under the doctrine of the law of the case. See Beshli v. Dep't of Homeland Sec., 272 F. Supp. 2d 514, 520 (E.D. Pa. 2003). "Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993) (citing Milgrad Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990)). For the doctrine of the law of the case to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" Disimone v. Browner, 121 F.3d 1262, 1266 (9th Cir. 1997) (quoting Milgard Tempering, 902 F.2d at 715); see also United States v. DeRewal, 10 F.3d 100, 105 n.4 (3rd Cir. 1993) ("Section 2255 may not be employed to relitigate questions, on collateral attack, which were raised and rejected on direct appeal"); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981) ("Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal,

it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255.").

In the instant case, petitioner cites the following as one of the grounds for his § 2255 motion: "District Court failed to instruct the jury to make individualized findings of drug quantities as to each defendant." (Doc. 124, Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody at 9).  Petitioner raised a nearly identical Apprendi-type argument in his direct appeal before the Third Circuit.  The Third Circuit rejected petitioner's argument that the jury needed to find the drug quantity beyond a reasonable doubt, noting: "Corley's sentence was 188 months' imprisonment, slightly more than 15 years . . . . Therefore, there was no Apprendi violation because the drug quantity that was found by the court did not result in a sentence that exceeded the statutory maximum Congress established for the offense." Corley, 455 F. App'x at 180.  The argument petitioner presently raises was decided by the Third Circuit's opinion on petitioner's direct appeal, thus, petitioner's § 2255 motion must be denied on this point.[15]

_____

[15] Somewhat confusingly, petitioner appears to conflate the trial court's decision not to instruct the jury to find a specific drug quantity with his complaint regarding his inability to call certain witnesses at trial.  (See Pet'r Br. at 25-26).  To the extent that this argument is somehow different

Additionally, petitioner asserts in the instant motion that the Third Circuit Court of Appeals erred in granting Attorney Nolan's motion to withdraw pursuant to <u>Anders v. California</u>. (Pet'r Br. at 28-31). The court cannot address petitioner's argument on this point as he asks the court to contradict a decision of the Third Circuit Court of Appeals.

**E. Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

In his amendment to the habeas corpus petition, petitioner contends that his sentence should be lowered pursuant to 18 U.S.C. § 3582(c)(2), an argument petitioner previously raised in a motion to reduce his sentence. (<u>Compare</u> Doc. 112, Mot. to Reduce Sentence, <u>with</u> Doc. 135, Am. to Habeas Corpus Pet.). When this issue was first raised before the court, the court denied petitioner's motion to reduce his sentence, and petitioner has subsequently appealed this ruling. (<u>See</u> Doc. 117, Order dated Sept. 6, 2012; Doc. 118, Notice of Appeal).

The court is without jurisdiction to entertain this amendment because there is an appeal pending in the Court of Appeals. Generally, the filing of a notice of appeal immediately confers jurisdiction on a Court of Appeals and divests the district court of its control over those aspects of the case

―――――――――――――――――

than the <u>Apprendi</u>-type argument petitioner previously raised on appeal, the court finds that it is without merit. As the court explained above, petitioner has not demonstrated that he was prejudiced by the fact that certain friends and family members did not testify on his behalf.

involved in the appeal.  <u>See</u> <u>Griggs v. Provident Consumer Disc. Co.</u>, 459

U.S. 56, 58 (1982).  The Third Circuit has been explicit in this regard,

finding that "'[d]ivest' means what it says–the power to act, in all but a

limited number of circumstances, has been taken away and placed

elsewhere."  <u>Venon v. Sweet</u>, 758 F.2d 117, 120-21 (3d Cir. 1985)

(footnote omitted).  Therefore, petitioner's amendment to his habeas

corpus petition will be denied.

**CONCLUSION**

After careful consideration, the court finds that the instant motion and

the briefs upon which it is based demonstrate that petitioner is not entitled

to relief.  The court will accordingly deny petitioner's § 2255 motion and

motion for an evidentiary hearing.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY BERNARD CORLEY,** | : | **No. 3:08cr422** |
| **Petitioner** | : | **No. 3:12cv2213** |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Respondent** | : | |

**ORDER**

    **AND NOW**, to wit, this 27th day of June 2013, Petitioner Troy Bernard Corley's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 124) and his motion for an evidentiary hearing (Doc. 121) are hereby **DENIED**. The Clerk of Court is directed to close case number 3:12cv2213. Based upon the reasoning in the accompanying memorandum, the court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22.

                                                    **BY THE COURT:**


                                       **s/ James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **United States District Court**